## (May 28, 1963)

ABRAHAM GORELICK, Plaintiff, v. 49TH STREET CENTER CORP. et al., Defendants.

*Per Curiam.* This is a submission of a controversy upon an agreed statement of facts pursuant to sections 546–548 of the Civil Practice Act.

Plaintiff seeks to recover the deposits made by him under a contract to purchase an existing leasehold on premises 113–119 West 49th Street, and under a contract to make a lease on premises 121 West 49th Street, in the County and State of New York, on the same covenants and conditions as in the lease affecting premises 113–119 West 49th Street.

The closing of the contract for the lease on 121 West 49th Street depended upon the execution of the contract to purchase the lease on 113–119 West 49th Street. If the purchase contract failed to close through no fault of the plaintiff, he is under the express provisions of both contracts entitled to recover the deposits and the cost of the examination of title.

Defendant Abraham I. Rosner is the escrowee under both contracts. The purchase contract is with defendant 49th Street Center Corp.; the contract for a lease is with defendant Filarginio De Pasquale. Defendants contend that plaintiff was not justified in refusing to close the purchase contract. Plaintiff contends that the defendants' refusal to return the deposit is unwarranted. This issue forms the basis of the controversy.

It is conceded that title under the 49th Street Center Corp. contract is unmarketable. By that contract the plaintiff's engagements were "subject to Seller's ability to deliver good and marketable title to said leasehold premises". The parties have stipulated "plaintiff refused to close title on the ground that survey exceptions affecting the premises covered by the leasehold ⁂ ⁂ ⁂ render title to said leasehold unmarketable under the contract between plaintiff and Center". It is also stipulated "The above survey exceptions render title of Center unmarketable".

The seller undertook an engagement to deliver a marketable title and it cannot escape liability by reason of the fact that the leasehold estate which it had contracted to sell was itself incumbered by survey exceptions. Defendant 49th Street Center Corp. engaged to convey a better title than it had. (*Friedman* v. *Handelman*, 300 N. Y. 188.)

Plaintiff was justified in rejecting title and should be entitled to recover the deposit of $8,000 under the 49th Street Center Corp. contract, with interest from June 28, 1962, as well as the sum of $125, the expense of the title examination incurred under that contract, and should also be entitled to recover the deposit of $2,000 made under the De Pasquale contract, with interest from June 28, 1962, without costs.

Judgment for plaintiff accordingly.

Rabin, J. P., McNally, Stevens, Eager and Steuer, JJ., concur.

Judgment for plaintiff as set forth in the opinion *Per Curiam* of this court filed herein. Settle order on notice.